# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION (AKRON)

| | |
|---|---|
| ALL SQUARE LOGISTICS, LLC, | ) CASE NO. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) **(JURY DEMAND ENDORSED HEREON)** |
| | ) |
| JUST FUNKY, LLC, | ) |
| | ) |
| Defendant. | ) |

Plaintiff All Square Logistics, LLC ("Plaintiff"), by and through the undersigned counsel, brings this Complaint against Defendant Just Funky LLC ("Defendant") and in support thereof states the following:

## PARTIES

1. Plaintiff is a Nevada limited liability company with its principal place of business located at 9190 Double Diamond Parkway, Suite #142, Reno, NV 89521. Plaintiff is a logistics company and freight broker that provides third-party logistics services to its customers, including arranging and managing the transportation of goods for its clients from abroad to final destinations within the United States via intermodal carriage.

2. Defendant is an Ohio limited liability company first organized in 2011, with its principal place of business located at 4160 Highlander Highway, Suite 100, Richfield, OH 44286. Upon information and belief, Defendant is a manufacturer and seller of consumer retail goods and, as part of its business, imports goods from abroad to the United States.

14201408 v3

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action because Plaintiff's claims arise under federal law. Specifically, Plaintiff's claim arises out of unpaid freight charges for shipments originating in foreign countries and imported to the United States. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure because this is a civil case involving admiralty or maritime jurisdiction.

4. This Court has personal jurisdiction over Defendant because Defendant resides in this district and maintains its principal place of business in this district.

5. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant is located in this venue and because a substantial part of the events or omissions giving rise to the claim occurred in this venue.

## FACTS AND BACKGROUND

6. Beginning in or around the summer of 2023 and continuing through the summer of 2024, Defendant contracted with Plaintiff to arrange for and manage the importation of Defendant's goods from foreign countries to final destinations within the United States (the "Shipments").

7. The Shipments were subject to Plaintiff's Combined Transport Bill of Lading (the "BOL"). A true and correct copy of the BOL is attached hereto as **Exhibit A** and is hereby incorporated herein by reference.

8. The BOL provides that Plaintiff is "entitled to all freight and other charges due [under the BOL]." **Ex. A** - BOL § 24(B).

9. The BOL further provides that "[t]he sipper, consignor, consignee, owner, consignee, owner of the Goods and holder of this Bill of Lading shall be jointly and severally liable to [Plaintiff] for the payment of all freight and charges[.]" **Ex. A** - BOL § 24(H).

10. The Shipments were further subject to Plaintiff's terms and conditions (the "Terms and Conditions") included in Plaintiff's Invoices (defined below) issued to Defendant, which provide, among other things, that Plaintiff "will not be responsible for any storage, demurrage, per diems and chassis charges for containers/shipments."

11. In addition to freight charges, Plaintiff paid storage charges, customs brokerage charges, customs duties, certain import taxes, drayage and trucking charges, and other accessorial charges to third parties on behalf of Defendant. Under the Terms and Conditions and the BOL, Defendant is liable to Plaintiff for all such charges.

12. Plaintiff delivered the Defendant's Shipments to Defendant's requested locations without exception, but Defendant has failed to remit payment to Plaintiff for freight charges and other charges, incurred in connection with the Shipments, which are due and owing pursuant to the BOL and the Terms and Conditions.

13. Upon delivery of each Shipment, Plaintiff issued invoices to Defendant for each Shipment, which invoices were due upon receipt (the "Invoices"). True and correct copies of the Invoices are attached hereto as **Exhibit B** and are hereby incorporated herein by reference.

14. The Invoices are subject to a 3.5% per month interest charge, in addition to late fees.

15. On or about September 4, 2024, Plaintiff issued to Defendant a Demand for Immediate Payment (such correspondence, the "Demand Letter"), demanding immediate payment of the Invoices for freight charges and other charges in the amount of not less than $540,338.80.

3

A true and correct copy of the Demand Letter is attached hereto as **Exhibit C** and is hereby incorporated herein by reference.

16. To date, the Invoices have not been paid by Defendant, despite demand.

## COUNT I – BREACH OF CONTRACT

17. Plaintiff incorporates by reference each and every allegation set forth in the previous paragraphs.

18. Plaintiff entered into a valid and enforceable contract with Defendant, whereby Defendant agreed, among other things, to pay Plaintiff for its services in connection with the Shipments pursuant to the BOL and Terms and Conditions.

19. Plaintiff has performed all of its obligations to Defendant by timely arranging for the transportation and delivery of the Shipments at Defendant's request, and all conditions precedent to Plaintiff's recovery have occurred.

20. Defendant has breached its agreement with Plaintiff by failing to pay the Invoices when due.

21. Defendant's failure to pay the Invoices has caused damage to Plaintiff.

22. As a result, Plaintiff is entitled to recover from Defendant the sum of not less than Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), and charges that continue to accrue, plus attorneys' fees pursuant to Section 23 of the BOL, pre- and post-judgment interest, and costs.

## COUNT II – QUANTUM MERUIT (In the Alternative to Count I)

23. Plaintiff incorporates by reference the allegation set forth in paragraphs 1-16

24. Plaintiff conferred a benefit upon Defendant by arranging for the transportation of the Shipments and ensuring the delivery of the Shipments at Defendant's requested location.

25. Defendant had knowledge of the benefit conferred upon it by Plaintiff.

26. Defendant has retained the benefit of receiving the Shipments arranged by Plaintiff at Defendant's request.

27. Under the circumstances, it would be unjust for Defendant to retain the benefit of Plaintiff's services without payment.

28. The reasonable value of Plaintiff's services is $540,338.80.

29. Accordingly, Plaintiff is entitled to recover from Defendant the sum of not less than Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), and charges that continue to accrue, plus attorneys' fees pursuant to Section 23 of the BOL, pre- and post-judgment interest, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, based on the foregoing factual allegations and applicable legal theories, whether stated herein above or determined at a later time based on the evidence presented at trial, respectfully requests a judgment providing the following:

1. Judgment in Plaintiff's favor on all claims;

2. Judgment in Plaintiff's favor and against Defendant on its First Count in the amount of not less than Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), and charges that continue to accrue, plus attorneys' fees pursuant to Section 23 of the BOL, pre- and post-judgment interest, and costs;

3. Judgment in Plaintiff's favor and against Defendant on its Second Count in the amount of not less than Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), and charges that continue to accrue, plus attorneys' fees pursuant to Section 23 of the BOL, pre- and post-judgment interest, and costs; and

4. All other relief in law or equity to which Plaintiff is entitled.

Dated: October 3, 2024					Respectfully submitted by,

<u>*s/ Eric L. Zalud*</u>
ERIC LARSON ZALUD (0038959)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: ezalud@beneschlaw.com

and

Nicholas P. Lacey (0100042)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone:  614.223.9300
Facsimile:  614.223.9330
Email:  nlacey@beneschlaw.com

*Attorneys for Plaintiff All Square Logistics, LLC*

**JURY DEMAND**

Plaintiff hereby demands trial by jury, by the maximum number of jurors permitted by law, on all issues so triable.

Dated: October 3, 2024

Respectfully submitted by,

*s/ Eric L. Zalud*_____
ERIC LARSON ZALUD (0038959)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: ezalud@beneschlaw.com

and

Nicholas P. Lacey (0100042)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone:  614.223.9300
Facsimile:  614.223.9330
Email: nlacey@beneschlaw.com

*Attorneys for Plaintiff All Square Logistics, LLC*