# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ALL SQUARE LOGISTICS, LLC, | ) | Case No. 5:24-cv-1721 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| JUST FUNKY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff All Square Logistics, LLC brought a breach of contract claim against Defendant Just Funky, LLC.  Plaintiff perfected service.  When Defendant failed to answer, appear, or otherwise defend, the Clerk entered default under Rule 55(a) on November 25, 2024.  Then, under Rule 55(b)(1), Plaintiff moved for a default judgment in a sum certain.  (ECF No. 8.)  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the motion and **AWARDS** Plaintiff damages in the amount of Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), plus contractual interest at the rate of 3.5% per month on all past due amounts, plus post-judgment interest at the applicable statutory rate from the date of this Order until the entire judgment is satisfied.

## STATEMENT OF FACTS

Because Defendant has failed to answer, move, or otherwise defend against Plaintiffs' complaint and the Clerk previously entered default, the Court accepts the allegations of the complaint as admitted.  Fed. R. Civ. P. 8(b)(6).

All Square Logistics is a logistics company and freight broker that arranges and manages the importation of goods for its clients by intermodal freight transport to the United States.  (ECF No. 1, ¶ 1, PageID #1.)  Just Funky is a manufacturer and seller of retail goods and imports these goods from foreign countries to the United States.  (*Id.*, ¶ 2, PageID #1.)  Beginning in the summer of 2023, Just Funky contracted with All Square to arrange and manage the importation of shipments of Just Funky's goods from foreign countries to the United States.  (*Id.*, ¶ 6, PageID #2.)  Under the parties' contract, the shipments were subject to All Square's bill of lading, as well as its terms and conditions.  (*Id.*, ¶¶ 7–10, PageID #2–3.)

Over the contractual term, All Square paid freight charges, storage charges, customs brokerage charges, customs duties, certain import taxes, drayage and trucking charges, and other charges to third parties on behalf of Just Funky.  (*Id.*, ¶ 11, PageID #3.)  The bill of lading and terms and conditions specify that Just Funky is liable to All Square for these accrued charges.  (*Id.*)

All Square delivered Just Funky's shipments.  (*Id.*, ¶ 12, PageID #3.)  After delivery of each shipment, All Square issued an invoice to Just Funky covering the charges incurred in connection with the shipment.  (*Id.*, ¶¶ 11–12, PageID #3.)  Just Funky repeatedly failed to forward payment to cover the invoices.  (*Id.*, ¶ 12, PageID

2

#3.)  On September 4, 2024, All Square sent Just Funky a demand letter for immediate payment of the invoices in the amount of not less than $540,338.80.  (*Id.*, ¶ 15, PageID #3.)  Despite All Square's demand, Just Funky still has not paid the invoices.  (*Id.*, ¶ 16, PageID #4.)

## STATEMENT OF THE CASE

On October 3, 2024, All Square sued Just Funky for breach of contract and, in the alternative, *quantum meruit.*  (*Id.*, ¶¶ 17–29, PageID #4–5.)  On October 24, 2024, Plaintiff perfected service.  (ECF No. 4; ECF No. 5.)  On November 25, 2024, Plaintiff filed a request for entry of default against Defendant, and the Court ordered the Clerk to enter default of Defendant on the same day.  (ECF No. 6; ECF No. 7.)  In addition to seeking the amount due and owing under the contract, Plaintiff seeks its attorneys' fees under the terms of the bill of lading.  (ECF No. 8, PageID #180.)

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  On November 25, 2024, the Clerk entered default against Defendant, who never answered or appeared.  (ECF No. 7.)

After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).  Plaintiff seeks default judgment under Rule 55(b)(1) for a sum certain in the amount of Five Hundred Forty Thousand Three

3

Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), plus contractual interest at the rate of 3.5% per month on all past due amounts, plus attorneys' fees as provided under the applicable bill of lading, plus post-judgment interest. (ECF No. 8. ¶ 7, PageID #180.) Under Rule 55(b)(1), the Clerk may enter a default judgment "for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1).

"The Clerk of Court may enter a default judgment under Rule 55(b)(1) only if the plaintiff's entire complaint and all of the plaintiff's claims are for a sum certain or a sum that can be made certain by computation." *National Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021) (quoting *Van Zeeland Oil Co. v. Lawrence Agency, Inc.*, No. 2:09-cv-150, 2009 WL 10678619, at *2 (W.D. Mich. Sept. 28, 2009)). "A claim for damages under Rule 55(b)(1) 'is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default.'" *Id.* at *2 (quoting *Highway Com. Servs., Inc. v. Zitis*, No. 2:07-cv-1252, 2008 WL 4115512, at *2 (S.D. Ohio Aug. 28, 2008)).

An award for attorney fees must be reasonable and not excessive, as determined by the Court's lodestar calculation. *BMO Harris Bank, N.A. v. Stacy*, No. 5:22-cv-613, 2024 WL 4591288, at *5 (N.D. Ohio Oct. 28, 2024). Therefore, Plaintiff's default judgment claim necessarily fails under Rule 55(b)(1) "because what constitutes a reasonable fee must be determined by the Court and is 'not a claim for a sum certain or a sum that can be made certain by computation that falls under Rule

55(b)(1) for purposes of the Clerk of Court entering a default judgment.'" *National Auto Grp.*, 2021 WL 1857143, at *2 (quoting *Van Zeeland Oil*, 2009 WL 10678619, at *1).

Because all of Plaintiff's claims cannot be resolved under Rule 55(b)(1), the Court decides Plaintiff's motion for default judgment under Rule 55(b)(2). *National Auto Grp.*, 2021 WL 1857143, at *3 (citations omitted). Under Rule 55(b)(2), the entry of default establishes only a defendant's liability for the well-pleaded allegations of the complaint; a plaintiff must still prove the extent of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citing *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983)).

"An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). To establish a claim for breach of contract, a plaintiff must prove: "(1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 276 (6th Cir. 2019) (quoting *Claris, Ltd. v. Hotel Dev. Servs., LLC*, 2018-Ohio-2602, 104 N.E.3d 1076, ¶ 28 (Ohio Ct. App. 2018)). Plaintiff's factual allegations, taken as admitted, establish the necessary elements to prove Defendant's liability for breach of contract. Plaintiff's complaint establishes that (1) the parties had a valid and enforceable contract, (2) Plaintiff performed its obligations "by timely arranging for the transportation and delivery of the Shipments

at Defendant's request," (3) Defendant breached the contract "by failing to pay the Invoices when due," and (4) Defendant's breach "caused damage to Plaintiff." (ECF No. 1, ¶¶ 17–22, PageID #4.) Therefore, the Court has no occasion to consider Plaintiff's alternative claim of *quantum meruit*.

Plaintiff still bears the burden of establishing the extent of damages. *Antoine*, 66 F.3d at 110 (citing *Fehlhaber*, 681 F.2d at 1026; *Kelley*, 567 F. Supp. at 841). First, Plaintiff requests damages in the amount of Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80) in overdue invoices, plus contractual interest at the rate of 3.5% per month on all past due amounts. Based on the affidavit of Sunil Chopra (ECF No. 8-1), the bill of lading (ECF No. 8-2), the invoices that Plaintiff sent to Defendant (ECF No. 8-3), and the demand letter (ECF No. 8-4), Plaintiff has established that it is entitled to damages in the amount of Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), plus contractual interest at the rate of 3.5% per month on all past due amounts.

Next, Plaintiff requests an award of attorneys' fees for which the applicable bill of lading provides. Pursuant to Section 14 of the Court's Standing Order on Civil Procedures, "[i]f requesting attorneys' fees or costs in connection with a motion for default judgment," counsel must provide "proper support for such a request, including sufficient lodestar information. Failure to do so will result in denial of any such request." Counsel for Plaintiff provided no such support. The affidavit of Sunil Chopra, the Chief Executive Officer of All Square, provides that Section 23 of

Plaintiff's bill of lading entitles it to the recovery of attorneys' fees.  (ECF No. 8-1, ¶ 9, PageID #184.)  But that section does not establish support for a specific amount of attorneys' fees.  Nor does Plaintiff otherwise supply any lodestar or other information from which the Court could make and support an award for attorneys' fees.  For these reasons, the Court **DENIES** Plaintiff's request for attorneys' fees.

Finally, Plaintiff requests an award of post-judgment interest.  28 U.SC. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  "The district court has no discretion to deny post-judgment interest, as it is mandatory."  *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC*, No. 2:18-cv-594, 2019 WL 4894038, at *3 (S.D. Ohio Oct. 4, 2019) (citing *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)).  Section 1961(a) specifies that "such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Therefore, Plaintiff is entitled to post-judgment interest at the applicable statutory rate from the date of this Order until the entire judgment is satisfied.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for default judgment.  (ECF No. 8.)  Accordingly, the Court **AWARDS** Plaintiff damages in the amount of Five Hundred Forty Thousand Three Hundred Thirty-Eight Dollars and Eighty Cents ($540,338.80), plus contractual

interest at the rate of 3.5% per month on all past due amounts, plus post-judgment interest at the applicable statutory rate from the date of this Order until the entire judgment is satisfied.

**SO ORDERED.**

Dated:  February 10, 2025

_____
          J. Philip Calabrese
          United States District Judge
          Northern District of Ohio