UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALL SQUARE LOGISTICS, LLC, | ) | Case No. 5:24-cv-1721 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| JUST FUNKY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff All Square Logistics, LLC brought a breach of contract claim against Defendant Just Funky, LLC.  Plaintiff perfected service.  When Defendant failed to answer, appear, or otherwise defend, the Clerk entered default under Rule 55(a) on November 25, 2024.  Then, under Rule 55(b)(1), Plaintiff moved for a default judgment in a sum certain, but did not request or substantiate a specific amount of attorneys' fees as the Court's Standing Order requires.  (ECF No. 8.)  Instead, Plaintiff merely claimed that it was entitled to "attorneys' fees as provided under applicable Bill of Lading."  (*Id.*, PageID #180.)

On February 10, 2025, the Court granted Plaintiff's motion in part, awarding it damages for its sum certain amount, plus contractual and post-judgment interest, but denied its request for attorneys' fees.  (ECF No. 9.)  Then, on February 24, 2025, Plaintiff moved for attorneys' fees and additional costs in a total amount of $16,264.37.  (ECF No. 11.)

## ANALYSIS

As already discussed in the Court's opinion and order granting in part and denying in part Plaintiff's motion for default judgment, Section 14 of the Court's Standing Order on Civil Procedures states: "[i]f requesting attorneys' fees or costs in connection with a motion for default judgment, the Court reminds counsel to provide proper support for such a request, including sufficient lodestar information. *Failure to do so will result in denial of any such request*." (Emphasis added.)

### I. The Bill of Lading and Terms and Conditions

Plaintiff's motion for default judgment did not request or substantiate a specific amount of attorneys' fees. (ECF No. 8, PageID #180.) It merely claimed that the "applicable Bill of Lading" provides for attorneys' fees. (*Id.*) Section 23 states, in relevant part: "[t]he Ocean Carrier shall have a lien on the Goods, which shall survive delivery, for . . . sums (including costs, customs fees, attorney fees, and other fees for recovering the sums) chargeable to the Merchant under this Bill of Lading." (ECF No. 8-2, PageID #192.) The Court previously determined that Section 23 does not establish an entitlement to a lien (or judgment) in a specific amount of attorneys' fees. (ECF No. 9, PageID #338–39.)

Again, Plaintiff cites "the plain language" of Section 23 of the bill of lading in its motion for attorneys' fees to support its claim that this Court "must evaluate the reasonableness of fees incurred litigating this dispute." (ECF No. 11, PageID #343.) Further, it relies on the terms and conditions in the invoices sent to Defendant, which provide that Plaintiff "will assess a penalty interest of 3.5% per month on overdue invoices plus any late fees and legal costs." (*See, e.g.*, ECF No. 1-5, PageID #24.)

2

These documents do not identify a specific amount of fees or costs to which All Square might be entitled. And Plaintiff does not contend otherwise. Indeed, the phrases "attorney fees" and "legal costs," standing alone, do not establish a specific amount that the Court could award to Plaintiff.

## II. Sufficient Lodestar Information

Despite prior notice and an opportunity to seek attorneys' fees and costs following entry of default, Plaintiff filed lodestar and other information supporting such an award for the first time after entry of a default judgment. (ECF No. 11, PageID #343–44.) It provides an analysis of its attorneys' hourly rate, the number of hours its attorneys expended on its case, and what the Ohio State Bar Association has determined certain hourly rates are. (*Id.*, PageID #343–46.) Also, Plaintiff attached counsel's invoices for the work performed. (ECF No. 11-1, PageID #352–67.)

While Plaintiff is correct that the information it has now provided would have been sufficient for the Court to determine a reasonable amount of attorneys' fees and costs, this submission comes too late. Plaintiff had all of this information when it sought a default judgment, but submitted none of it. Through Section 14 of the Court's Standing Order, Plaintiff had notice that it needed to do so. That Order gives notice that failure to provide this information with a motion for default judgment "will result in denial of any such request." The Court has the inherent power to manage its docket, and piecemeal or serial litigation is disfavored. Nor is it the Court's responsibility to remind parties of what they need to file or to give them multiple opportunities to do so. Doing so protracts litigation and takes time away from other cases on the Court's docket to the prejudice of other litigants.

3

**CONCLUSION**

For all these reasons, the Court **DENIES** Plaintiff's motion for attorneys' fees.

**SO ORDERED.**

Dated: February 26, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio